CV 10 1460 JL

## CIVIL COVER SHEET

JS 44 (Rev. 12/07) (CAND Rev 1/10)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
Souheil Sawaya

### DEFENDANTS
Wells Fargo Bank, N.A.

**(b)** County of Residence of First Listed Plaintiff San Diego County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kevin J. McInerney, SBN 46941   (775) 849-3811
McInerney & Jones   (775) 849-3866 fax
18124 Wedge Parkway #503
Reno, NV 89511

Attorneys (If Known)

Lindbergh Porter, SBN 100091   (415) 433-1940
Littler Mendelson P.C.   (415) 399-8490 fax
650 California Street, 20th Floor
San Francisco, CA 94108

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | [x] 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| [x] 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 207

Brief description of cause:
FLSA and California Overtime Claim

### VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ in excess of $75,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes [x] No

### VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". Mevorah v. Wells Fargo; In re Wells Fargo HMC Overtime Lit., MDL 06-1770MHP

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

[x] SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA

DATE April 5, 2010

SIGNATURE OF ATTORNEY OF RECORD

Kevin J. McInerney, Esq. (46941)
kevin@mcinerneylaw.net
Kelly McInerney, Esq. (200017)
kelly@mcinerneylaw.net
Charles A. Jones, Esq. (224915)
caj@mcinerneylaw.net
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone: (775) 849-3811
Facsimile: (775) 849-3866

James F. Clapp, Esq. (145814)
jclapp@sdlaw.com
Marita Murphy Lauinger, Esq. (199242)
mlauinger@sdlaw.com
Zachariah P. Dostart, Esq. (255071)
zdostart@sdlaw.com
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone: (858) 623-4200
Facsimile: (858) 623-4299

*Attorneys for Plaintiff*

**CV 10 1460 JL**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUHEIL SAWAYA,<br><br>       Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>       Defendant. | Civil Case No. _____<br><br>Filed as a Tag-Along Case to MDL No. 06-1770 Assigned to the Honorable Marilyn Hall Patel<br><br>**COMPLAINT FOR:**<br><br>1.) **Violation of the Fair Labor Standards Act (29 U.S.C. §207);**<br>2.) **Violation of California Labor Code §§ 510 and 1194; and**<br>3.) **Violation of California Business and Professions Code §17200,** *et seq.* |

COMPLAINT

## I.
## THE PARTIES

1. The Plaintiff, Souheil Sawaya, is and at all times relevant has been a resident and citizen of the State of California. From approximately 1997 through 2004, the Plaintiff was employed by the Defendant Wells Fargo Bank, N.A. as a Home Mortgage Consultant ("HMC"). Plaintiff worked at the Defendant's offices located in Chula Vista, California and National City, California.

2. The Defendant Wells Fargo Bank, N.A. is a business entity incorporated in a state other than California and headquartered in San Francisco, California. The Defendant operates, as a separate division, an entity headquartered outside the State of California which sells and originates home mortgage loans. At all times relevant, the Defendant Wells Fargo Bank, N.A. (hereinafter "Wells") employed the Plaintiff in the State of California as a Home Mortgage Consultant to originate and produce mortgage loans.

3. Since February 11, 2005, the Plaintiff was a putative class member in an action entitled *Mevorah v. Wells Fargo*, Case No. 3:05-cv-01175-MHP, which action subsequently became a part of MDL Coordination Proceeding No. M:06-cv-01770-MHP. Class certification in *Mevorah* was denied by the Honorable Marilyn Hall Patel on January 13, 2010. Plaintiff asserts that during the pendency of the *Mevorah* action as a class suit, the statute of limitations was tolled.

## II.
## JURISDICTION AND VENUE

4. The federal court has jurisdiction over this action pursuant to Title 28, U.S.C. Section 1331 because a violation of the Fair Labor Standards Act (Title 29, U.S.C. Section 207) is alleged. The federal court also has jurisdiction under Title 28, U.S.C. Section 1332 because the

COMPLAINT

1  Plaintiff is a citizen of California and the Defendant is a citizen of a state other than California

2  and the amount sought to be recovered by the Plaintiff exceeds $75,000 exclusive of interest and

3  costs.

4       5.     Venue is proper in the Northern District of California because this action is filed as

5  a tag-along action to MDL No. M:06-cv-01770-MHP, *In re Wells Fargo Home Mortgage*

6  *Consultant Overtime Litigation*. The Honorable Marilyn Hall Patel is the judge assigned to this

7  MDL proceeding. Venue is also proper in the Northern District of California because the

8  Defendant is headquartered in this district.

### III.
### STATEMENT OF FACTS

6.     The Plaintiff was employed by the Defendant as an HMC in California between approximately 1997 through 2004. During this period of time, the Plaintiff worked and was assigned to Wells' offices located in Chula Vista, California and National City, California.

7.     While employed as an HMC, the Plaintiff was engaged in originating and producing home loans. His primary role was selling and this was performed from fixed locations.

8.     The Defendant compensated the Plaintiff on a commission sales basis and did not monitor the hours or activities of the Plaintiff. The Defendant paid the Plaintiff based upon loans that actually closed and recorded. Defendant never paid the Plaintiff any overtime or premium pay despite the fact that the Plaintiff routinely worked in excess of eight hours per day and in excess of forty (40) hours per week. Rather, the Defendant classified the Plaintiff as overtime exempt.

9.     The Plaintiff was, in fact, at all times relevant a non-exempt employee under both the Fair Labor Standards Act and the California Labor Code. Defendant's misclassification and failure to pay Plaintiff overtime was willful because Wells never monitored his actual work activities to determine whether he was an exempt worker.

10. The amount of overtime pay that the Defendant failed to pay Plaintiff is in excess of $75,000 under the California Labor Code.

### IV.
### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime)

11. Plaintiff re-alleges the preceding paragraphs of this complaint and hereby incorporates them by reference.

12. The Defendant improperly and unlawfully treated the Plaintiff during his employment between approximately 1997 through 2004 as a worker exempt from the protection of the overtime laws and particularly the overtime protection provided by the Fair Labor Standards Act, Title 29, U.S.C. Section 207. The Defendant failed to pay the Plaintiff overtime wages as required and is therefore liable to him for all such sums including attorneys' fees and costs. Because the Defendant's failure was willful in that it made no effort to monitor the actual activities or hours worked, the Defendant is liable for liquidated damages or, alternatively, for interest on the unpaid overtime wages.

### V.
### SECOND CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA LABOR CODE §§510 AND 1194
### (Failure to Pay Overtime)

13. Plaintiff re-alleges the preceding paragraphs of this complaint and hereby incorporates them by reference.

14. Defendant's misclassification of the Plaintiff as overtime exempt between 1997 and 2004 was unlawful because it was in violation of the California Labor Code §§510 and 1194. Defendant is therefore liable to the Plaintiff for overtime wages, interest thereon, costs, and reasonable attorneys' fees.

# VI.
# THIRD CAUSE OF ACTION
# VIOLATION OF THE UNFAIR BUSINESS PRACTICES ACT, BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.*

15. Plaintiff re-alleges the preceding paragraphs of this complaint and hereby incorporates them by reference.

16. The Defendant's failure to pay overtime as mandated by the Fair Labor Standards Act and the Defendant's failure to pay overtime as required by the California Labor Code constituted unlawful and unfair business practices. These failures to pay overtime also constituted an attempt by the Defendant to gain unfair competitive advantage over other lenders because the Defendant misclassified all its Home Mortgage Consultants as overtime exempt and paid none of them the overtime or premium pay required under the law.

17. Accordingly, Defendant is liable to the Plaintiff for restitution of all overtime pay with interest thereon and costs.

## PRAYER

Wherefore, the Plaintiff prays for the following relief:

1. For overtime or premium pay as calculated under the Fair Labor Standards Act plus liquidated damages thereon or, alternatively, interest thereon;

2. For payment of overtime wages as calculated under the California Labor Code with interest thereon, costs, and reasonable attorneys' fees;

3. For restitution of all overtime wages due Plaintiff under the California Unfair Business Practices Act with interest thereon and costs; and

4. For such other and further relief as this Court may deem appropriate.

Dated: April 5, 2010

Respectfully submitted,

MCINERNEY & JONES
DOSTART CLAPP GORDON & COVENEY LLP

By: _____
Kevin J. McInerney
*Attorneys for Plaintiff*